Donald D. McIntyre and Lily B. McIntyre v. Commissioner.
McIntyre v. Commissioner
Docket No. 64942.
United States Tax Court
T.C. Memo 1957-239; 1957 Tax Ct. Memo LEXIS 7; 16 T.C.M. (CCH) 1102; T.C.M. (RIA) 57239; December 30, 1957
*7 Petitioners claimed a dependency credit for each of their three children for the years 1952 and 1953. Each of the children had a one-third interest in a partnership, and the share of each child in the gross income of the partnership exceeded $600 in each of the years involved. Held, on the authority of Doris V. Clark, 29 T.C. - (filed November 13, 1957), that petitioners are not entitled to the dependency credit claimed under section 25(b)(1)(D) of the Internal Revenue Code of 1939. Thomas A. Steele, Jr., Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income tax of petitioners for the years 1952 and 1953 in the respective amounts of $537.44 and $429.54. The issue presented is whether petitioners, for the years 1952 and 1953, are entitled to dependency credits for their three minor children. This raises the question of whether each child's share of the gross income of a partnership, or each one's share of the distributive net income of the partnership is to be taken into consideration in determining whether the gross income of each child was less than $600 within the meaning of section 25(b)(1)(D) *8 of the Internal Revenue Code of 1939. All of the facts are stipulated and are included herein by reference. Petitioners are husband and wife who reside on a farm near Casselton, North Dakota. They employed the cash receipts and disbursements method of accounting and filed their income tax returns on a calendar year basis for the years here material. For the calendar years 1952 and 1953, petitioners timely filed joint Federal income tax returns (Form 1040) with the director of internal revenue for the district of North Dakota. Paul McIntyre, Duane McIntyre and Marlyce McIntyre are three children of petitioners who live with them and did so during 1952 and 1953. These children were born, respectively, on April 18, 1943, May 2, 1946, and December 27, 1949. On February 1, 1952, Donald D. McIntyre was appointed guardian of the persons and estates of Paul, Duane and Marlyce McIntyre. On February 15 1954, a United States partnership return of income (Form 1065) in the name of "Paul, Duane and Marlyce McIntyre Partnership" was filed with the director of internal revenue for the district of North Dakota for each of the calendar years 1952 and 1953 on behalf of Paul, Duane and Marlyce *9 McIntyre. The stipulation of the parties contains, inter alia, the following: "For the limited purpose of reaching the issue involved in this case - which is whether the separate gross income of each Paul, Duane and Marlyce McIntyre within the meaning of Section 25(b)(1)(D) of the Internal Revenue Code of 1939 consists of their individual proportionate share of partnership gross income (as determined by respondent) or their individual share of partnership distributable net income (as contended by petitioners), and for no other purpose - Paul, Duane and Marlyce McIntyre may be considered to have been doing business as partners under a guardianship during the calendar years 1952 and 1953." During each of the years involved, the share of each child of petitioner of the gross income of the partnership exceeded $600. The share of each in the distributable net income of the partnership for each such year, as reported, was less than $600. Respondent takes the position that the income of the partnership for each year should be increased by the amount of certain real estate taxes on the property of the partnership which, pursuant to contracts, were paid by others than the partnership. *10 Respondent takes the position that if partnership income is increased accordingly for the year 1953, the distributive share of each partner in the net income of the partnership would exceed $600 for that year. In view of the basis for our decision, it is unnecessary to consider this question. Since it is clear that each child's share of the gross income of the partnership for each year in issue was not less than $600, we hold, on the authority of Doris V. Clark, 29 T.C. - (filed November 13, 1957) that petitioners are not entitled to the dependency credit under the provisions of section 25(b)(1)(D) of the Internal Revenue Code of 1939. [1]
Decision will be entered under Rule 50. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - (D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *↩